[Zeiner v. Mims.]

# Zeiner v. Mims.

*Trial of Right of Property.*

1.  *Doing business in name of another person; estoppel.*—M. brought suit by attachment on a debt due to him from B. & Co. of Chicago, and had the writ levied on personal property shipped from St. Louis in the name of B. & Co.  Z. claimed the property.  On a trial of the right of property, *Held*, that Z. was not entitled to it, if she did business in St. Louis under the name of B. & Co., and under such firm name sent circulars to plaintiff showing that B. & Co. of St. Louis and B. & Co. of Chicago were one and the same firm, and by such means induced M. to have dealings with B. & C. of Chicago, in which they contracted the debt upon which the attachment suit was brought.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The case is sufficiently stated in the opinion.  The claimant separately excepted to the giving of each of the following written charges requested by the plaintiff:  (1.) "If the jury believe from the evidence in this case, that the claimant Zeiner did business in St. Louis, Mo., under the name of Brunswick & Co., and under such firm name sent circulars to the plaintiff, showing that Brunswick & Co of St. Louis, Mo., and Brunswick & Co. of Chicago were one and the same firm ; and if the jury further believe from the evidence that Mims was induced to deal with said Brunswick & Co. upon such circulars,—then Mims, the plaintiff, is entitled to recover in this case."  (2.) "The jury can look to all the evidence in this case to ascertain whether all the witnesses have sworn to the truth, and, if the jury believe from the evidence that some of the witnesses have been contradicted by other evidence, they can look to this fact, together with all other evidence in the case, to ascertain the truth of the whole matter."

The claimant requested the following charges in writing, and duly excepted to their refusal:  (1.) "If the jury believe the evidence they must find for the claimant."  (2.) "If the jury believe from the evidence that there was no partnership existing, at the time plaintiff made contract with Chicago house, between said Chicago house and claimant, and further believe from the evidence that the property claimed was, at the time of the levy in this case, the property of claimant, then they must find for the claimant."

[Zeiner v. Mims.]

A. H. MERRILL, for the appellant.

G. L. COMER, contra.

COLEMAN, J.—On March 20th, 1890, under a contract of purchase of billiard and pool tables, and in part payment in advance, the appellee, Mims, paid the check of Brunswick & Co., drawn at Chicago, Illinois, for one hundred and eighty-seven 50-100 dollars.   The tables were never shipped to Mims, to Eufaula, according to contract of purchase.   In May, 1890, two pool tables and fixtures were shipped out to Eufaula from St. Louis, Mo., to J. B. Collins.   The appellee, Mims, sued out an attachment against Brunswick & Co., to recover back the $187.50 paid in advance on his purchase, and had the attachment levied upon the tables shipped to Collins.   Zeiner, the appellant, claimed the property, gave bond, and the present contest to try the right to the property was instituted.

The evidence tended to show the following state of facts : Prior to 1888, Brunswick & Co. were engaged in manufacturing billiard and pool tables, with their main office in Chicago, Illinois, having branch offices and places of business at other places, one of which was 115 Fourth Street, St. Louis, Mo., the place from which the tables which were attached were shipped.   The letter-heads and circulars used and issued by the house at 115 Fourth Street, St. Louis, Mo., were as follows :

"Brunswick & Co., Manufacturers, Importers, &c., Main office 175 Randolph Street, Chicago, Illinois.   Branches : 115 Fourth Street, St. Louis, Mo.; 251 Nicholas Avenue, Minneapolis, Minn.; 205 West Street, Kansas City, Mo."

The claimant testified, among other things, that in 1888 she bought out the branch business of Brunswick & Co. at St. Louis, and after that time there was in fact no such business partnership as Brunswick & Co. in St. Louis, Chicago, or elsewhere, and that she was the sole owner of all the goods at 115 Fourth Street, St. Louis, and sole proprietor of the business.   She admits that she continued to use the old circulars and letter-heads, and it appears that the one copied above was taken from a letter dated March 26th, 1890, and addressed to Jim E. Collins.   Numbers of other letters with similar headings, issued and sent out from St. Louis, Mo., were introduced in evidence, with dates running through the years 1888, 1889, and 1890.   There was evidence also tending to show that, in consequence of a similar circular received by him from St. Louis, Mo., the plaintiff opened the corre-

[Zeiner v. Mims.]

spondence with Brunswick & Co. at Chicago, Ill., which, after further correspondence with Brunswick & Co., Chicago, led to the contract of purchase, upon which he paid the $187.50. The evidence also tended to show the tables shipped to J. E. Collins, which were attached, and all the writings connected with that transaction, were signed "Brunswick & Co.," that the boxes in which the goods were shipped were marked "Brunswick & Co.,"'that the draft drawn on Collins for payment was drawn by "Brunswick & Co.," and the bill of lading issued to "Brunswick & Co." The evidence showed that the title to the goods shipped to Collins was retained in Brunswick & Co., and the name of the claimant no where appeared in that contract of sale and shipment. Although claimant may have purchased the stock and business of Brunswick & Co. at 115 Fourth Street, St. Louis, and the members of the old firm constituting Brunswick & Co. may not in fact have continued in business after that time, it appears evident from the evidence, that claimant continued business to the outside world as Brunswick & Co., just as previously carried on. We would conclude, even according to her own evidence, that she constituted the "Brunswick & Co." with whom Mims corresponded at Chicago, and upon whose draft he paid the $187.50. We can not say that claimant in person received that money, but by her circulars and letter-heads, sent out from Missouri, she solicited correspondence and business with the main office at Chicago, and which led to the contract of purchase by Mims.

When an individual carries on business and makes contracts in a partnership name, he may be sued in the name in which he contracts, and a judgment against him in that character will bind his property. Or, where there are successors to a partnership engaging in the same business and using the name of the firm to which they succeeded, they will be held bound to the same extent as if they were the original members of the firm, and not successors. Appellant's counsel concede in argument that if the present suit was against her, to recover damages for a fraud or deceit practiced by her upon plaintiff, that the letters, bill-heads and other facts of similar character would be competent evidence, as tending to show that claimant had practiced a fraud on the plaintiff through the name of Brunswick & Co.; but contend that in a contest like the present, where the question of title is involved, such evidence is irrelevant. In other words, as we understand the argument, if B.'s property should be levied upon to satisfy a debt which B. had contracted in the name of A., it would not be compe-

tent to show that A. and B. were one and the same person. If this be true, B. could always defeat the enforcement of process for the collection of a judgment recovered against A., the name in which he contracted, upon the ground that in reality there was no such person as A.; and that the creditors' only remedy, who had contracted with him as A., would be to bring an action against B. for deceit or fraud. The statement of the proposition is its refutation. If Zeiner, the claimant, executed the contract in the name of Brunswick & Co. to Mims, for the puposes of that contract, she is Brunswick & Co., and she is estopped from denying that she is Brunswick & Co. The question or identity was fairly submitted by the court to the jury.—*Hastings Nat. Bank v. Hibbard,* 48 Mich. 452; *Miner v. Downes,* 20 Vt. 466; 19 Vt. 14; *Brown v. Jewett,* 18 N. H. 232.

We find no error in the record, and the case must be affirmed.

Affirmed.